# In the 8th Circuit United States District Court,
## Eastern District of Arkansas,
## Western Division,
## Little Rock, Arkansas.

Case No. 1:01 CV 47 HLJ (to be set by Clerk, Habeas Corpus Section is for Immediate Review)
Docket No.________________

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 11 2001

JAMES W. McCORMACK, CLERK
By:__________ DEP CLERK

**Larry Dean Ratton,**
**Vivian Ratton,**
**Kasie Ratton,**
**Kandie Carson,**
**Charlotte Bogard,**
**Leah Bogard,**
**Helen Bogard,**
**Jim Carson,**
**William R. Bridwell,**
**Jason R. French,**

**Plaintiff(s),**

**Vs.,**

**STATE OF ARKANSAS,**
**COUNTY OF CLEABURNE,**
**CITY OF GREERS FERRY,**
**GREERS FERRY CHIEF OF POLICE-**
**RALPH (UNKNOWN LAST NAME),**
**JUDGE (UNKNOWN FIRST NAME) KEMP,**
**JEFF BITTLE,**
**SCOTT RUSSELL,**
**SCOTT BRADLEY,**
**TODD HUDSPETH,**
**LINDA BURDICK,**

**Defendant(s).**

Amended **Complaint (Section 1),**
**Petition for Writ of Habeas Corpus (Section 2),**
**Petition to Show Cause (Section 3).**

Amended Section 1,
Complaint

Sub-section 1, designation of parties.
Come now the Plaintiff(s):

| | | | |
|---|---|---|---|
| Larry Dean Ratton, (currently held in Cleburne Co.) of; 94 Baldrige Rd. Greers Ferry, Arkansas 72067 | Vivian Ratton, of; 94 Baldrige Rd. Greers Ferry, Arkansas 72067 | Kasie Ratton, of; 94 Baldrige Rd. Greers Ferry, Arkansas 72067 | Kandie Carson, of; 124 Baldrige Rd. Greers Ferry, Arkansas 72067 |
| Jim Carson, of; 124 Baldrige Rd. Greers Ferry, Arkansas 72067 | Charlotte Bogard, of; 3189 Brownsville Rd Greers Ferry, Arkansas 72067 | Helen Bogard, of; 3189 Brownsville Rd Greers Ferry, Arkansas 72067 | Leah Bogard, of; 3189 Brownsville Rd Greers Ferry, Arkansas 72067 |
| William R Bridwell, of; #25 Bridwell Park Higden, Arkansas 72067 | Jason R. French, of; 589 French Rd. Bee Branch, Arkansas 72013 | | |

Pro Se, by and through the same, individually and jointly, to show Cause for which relief is necessary and justified in this Action where the Defendant(s):

| THE CORPUS OF THE; DOMESTIC MUNICIPAL CORPORATION TITLED; **"THE STATE OF ARKANSAS"** | THE CORPUS OF THE; DOMESTIC MUNICIPAL CORPORATION TITLED; **"COUNTY OF CLEBURNE"** | THE CORPUS OF THE; DOMESTIC MUNICIPAL CORPORATION TITLED; **"CITY OF GREERS FERRY"** |
|---|---|---|
| In the individual and official capacities of; The Chief of Police for the City of Greers Ferry; RALPH (last name not known), (address not known, service to be made in official capacity with individual capacity served simultaneously) | In the individual and official capacities of; 16th Judicial District of Arkansas Drug Task Force Officer, SCOTT RUSSELL, (address not known, service to be made in official capacity with individual capacity served simultaneously) | In the individual and official capacities of; Cleburne County Deputy, SCOTT BRADLEY, (address not known, service to be made in official capacity with individual capacity served simultaneously) |
| In the individual and official capacities of; 16th Judicial District of Arkansas Drug Task Force Officer, TODD HUDSPETH, (address not known, service to be made in official capacity with individual capacity served simultaneously) | In the individual and official capacities of; Arkansas State Crime Lab Officer, LINDA BURDICK, (address not known, service to be made in official capacity with individual capacity served simultaneously) | In the individual and official capacities of; Greers Ferry Police Officer, JEFF BITTLE, (address not known, service to be made in official capacity with individual capacity served simultaneously) |

In the individual and official capacities of;

16TH Judicial District of Arkansas,
JUDGE (first name not known)
KEMP,
Of;
(address not known, service to be made in official capacity with individual capacity served simultaneously)

Acted both individually and jointly in both their individual and official capacities.

Sub-section 2. Invocation of Jurisdiction of the Court.

1. The territorial venue of this Court is proper as the actions for which relief is claimed occurred within, and members of the party of the Plaintiff(s) dwell within the 8th Judicial District, Eastern District of Arkansas, Western Division.

2. State is Defendant in this action and therefore, Federal Jurisdiction is proper venue for this nature of action as state cannot or will not be Defendant in any of it's own courts. State has also in conflict with 14th Amendment, made statute, policies, laws, and institutes customs which infringe upon the Plaintiff(s) Constitutional Rights. Article 6 § 2 of the Constitution grants this Court jurisdiction to make decisions regarding matters of law. In this matter jurisdiction is of federal question in nature and 28 USCA § 1331 is proper invocation. The Corpus of the state titled "THE STATE OF ARKANSAS," through the actions of its officers, regarding its statutes, policies, laws, and customs is liable under the provisions of 42 USCA § 1983 and 28 USCA § 1343for Civil Relief as well as 18 USCA Ch 13 § 241 and 18 USCA Ch 13 § 242 for Criminal Protection. Both Civil and Criminal relief are sought.

3. Defendants individually and jointly, under the institution of their official capacities and of their own accord, damaged the Civil Rights of the Plaintiffs, of which this Court is granted subject-matter jurisdiction for civil action. Plaintiffs are entitled to civil relief under the provisions of 42 USCA § 1983 and 28 USCA § 1343. Civil Relief(s) in this Action are sought.

4. Combined actions of the Defendants individually and jointly, under the institution of their official capacities and of their own accord, damaged the Civil Rights under the Color of Law of the Plaintiffs, of which this Court is granted subject-matter jurisdiction for Criminal Action. Plaintiffs are entitled to Criminal Protection under the provisions of 18 USCA Ch 13 § 241 and 18 USCA Ch 13 § 242. Criminal Acts committed by the Defendants in this Action are pursued.

5. This action is requested to be placed in front of an informed Jury of our Peers.

Sub-section 3. Verified, subscribed and sworn, accurate account of events.

# Affidavit

(Statement of Truth, Statement of Facts)

STATE OF ARKANSAS )
) SS.
COUNTY OF CLEBURNE )

The undersigned, being duly sworn, upon their oath, state, depose, affirm, and/or attest, that the foregoing facts in this instrument are true and correct to the best of their knowledge, and is to be considered truth unless refuted word for word and point by point, Statements of Truth and Statements of Fact contained herein are to be responded to within three days (72 hours) from verified proof of service or stand as IRREFUTABLE TRUTH and facts contained herein may no-longer be contested, as is with the Law of Affidavits however, the Court extends this time to twenty days. It is hereby, duly executed before me as Officer for Verification, wherein my Hand, Commission, and Seal are given therein below the undersigned.

1. On the 25th of April, 2001, at approximately 3:20 pm, a mini-van containing three young males pulled into the front yard of Kandie and Jim Carson followed by the Greers Ferry Chief of police Ralph (unknown last name, hereafter "Ralph"). Greers Ferry City Police officer, Jeff Bittle was present at the time. Apparently, from the information the officers had given to Kandie Carson, the boys had stopped at the Phillips 66 in Greers Ferry and shop-lifted "starting fluid" and "pills." Kandie did not know the boys and did not know why they had stopped there unless it was merely to avoid the police.

2. The officers then asked the boys if they could search the mini-van and the boys told them no, that they did not have a search warrant. At that time the officers and the boys in the mini-van departed Kandie and Jim Carson's home.

3. On the 26th day of April, 2001, at approximately 3:00 pm, the Greers Ferry Chief of Police, Ralph, and officer Jeff Bittle returned to Kandie and Jim Carson's home and asked Kandie Carson if they could search their home under the premise of, "they said"(referring to the boys in the mini-van the day before) "they were bringing the stuff to Jim." Presumably to manufacture drugs for them, or at least that was the impression these officers led

Kandie Carson to believe. Kandie Carson, being puzzled because they did not know the boys, agreed to let the officers invade and search their home without a search warrant. After the search of Jim and Kandie Carson's home was completed, it was evident that there was nothing suspicious there. At about that time Larry Ratton, who lives next door to Jim and Kandie Carson, is getting into the shower in his home, un-aware of the events going on next door.

4. After finding nothing at Jim and Kandie Carson's home, Kandie Carson went to their front porch with Ralph. Standing on their front porch, Ralph told Kandie Carson, "I smell something." Other officers are present at this time. Larry Ratton, next door is in the shower. At approximately 3:40 pm, Vivian Ratton arrive.

5. Officers approach Vivian and Kasie Ratton and ask if they can search their home, without a search warrant. Vivian refuses as is her 4th Amendment Right. When Vivian attempts to enter her home, the officers enter too. Vivian told the officers, "You can't come in here." To which the officer responds, "We can do anything damn thing we want to." (For more specific see Vivian Ratton's Affidavit attached hereto.) There was however, no search warrant. At this time officers cuff Vivian to a chair.

6. About this time Charlotte Bogard, Helen Bogard(minor child 15), Leah Bogard(minor child 16) and Kasie Ratton(minor child 15) arrive to pick up Kasie Ratton's clothes for school, unaware of the events that have transpired thus far. Charlotte sees Vivian cuffed to a chair and Larry is being rushed past her, bent at the waist and put into a car. At that point they were verbally accosted by plain clothes, unidentified officer, at about that time Ralph comes running up to their position with a shot-gun at "high port" yelling "the house is on fire…leave." There was no fire.

7. 4:00 pm of the 26th day of April, 2001, Vivian and Larry Ratton are in Cleburne County Jail, the booking card attached hereto as Exhibit C gives verification.

8. 8:32 pm of the 26th, Judge Kemp signs a vague search warrant hereto attached as Exhibit A.

9. 10:30 pm of the 26th , Kasie Ratton is allowed to gather her belongings and the Crime Lab vehicles and 8 police cars leave during this time.

10. 6:12 am of the 27th , the search warrant was allegedly served to Larry and Vivian Ratton for the search done the day before. Evidenced by unsigned document entitled "return search warrant" hereto attached as Exhibit B. The return search was allegedly concluded at 12 pm on the 27th .

11. On the 28th, William R. Bridwell, as a friend and associate of Larry and Vivian Ratton, knowing that their minor daughter, Kasie Ratton 15, needed at least one of her parents home as the State left her there alone, posted a $20,000.00 bond for Vivian by posting collateral, and paying money to Razorback Bail Bonds Inc. of Little Rock. The collateral used has real value and other interests attached with those in relation to Jason R. French in this matter. The real-estate posted cannot be sold or transferred during the attachment of this bond.

12. On May 1st of 2001, the sale of the remaining portion of Bridwell Park of which Jason R. French and William R. Bridwell have interest, to a PTO entitled "FFTechnologies" for the amount in excess of $850,000.00 was lost due to this attachment, for a bond which was set by unknown means.

13. On the 11th of may, 2001, this document was compiled, to date, Vivian Ratton and Larry Ratton have not been arraigned.

The Above statements are true and correct, to the best of our knowledge, for each portion of which we have knowledge, to attest to and to subscribe we give our hands on this the 11th day of May, 2001.

Vivian Ratton ___Vivian Ratton___

Charlotte Bogard ___Charlotte Bogard___

Kandie Carson ___Kandie Carson___

William R Bridwell ___William R Bridwell___

Jason R. French ___Jason R. French___

Subscribed and Sworn before me this, the 11th day of May, 2001.

___Carolyn N. Higgs West___

(Notary Public) (SEAL)

My Comm. exp 5/1/2003

Sub-section 4, liability of the officers, liability of the state.

1. The State of Arkansas granted the officers involved in this action statutes, which in the "Color of Law" gave the officers reason to believe that they were just in searching the Plaintiffs' homes. Thus the Official capacities of the officers acting as the Corpus of the Domestic municipal corporation entitled, "THE STATE OF ARKANSAS" are liable for equitable and reasonable relief sought by the Plaintiff(s) in this action.

2. The officers, knowingly, violating the Plaintiff(s) Constitutional Rights, under the 4th 6th and 14th Amendments, as officers of the Judiciary Branch, are in BREACH OF CONTRACT. Article 6 § 3 of the Constitution DEFINES officers of the Judiciary as those who have taken an Oath or affirmation to support the Constitution above all. Article 6 § 2 (Supremacy Clause) proofs that they have violated their "Oath or Affirmation." This Oath or affirmation to which the Constitution refers to here is that officer's CONTRACT with "We the People" to protect our Constitutional Rights, period, there are no plausible arguments to refute this fact. When they searched without warrant, and ran roughshod over the Plaintiff(s)' Constitutional Rights, they breached this contract and have fallen OUTSIDE the Constitutional Definition (Article 6 § 3) of an officer of the judiciary, and are NO-LONGER PROTECTED BY JUDICIAL IMMUNITY.

Sub-section 5, claims for which relief may be granted.

1. Larry Ratton is entitled to Immediate Injunctive Relief, he should be released, and no-contact Order issued to the Defendants, and is entitled to Permanent Injunctive Relief. Larry Ratton and Vivian Ratton entitled to monetary relief, to be locked away from your 15 year old daughter and not even know where she is, damage to Reputation, Life, Liberty, and Property, there is no means to calculate the specific dollar amount for the injuries he has sustained. collectively against the Defendants however, in Real Damages and for Punitive Reasons, no-less than $100,000,000.00 is as reasonable as the officers behavior in this matter.

2. Kasie Ratton is entitled to immediate injunctive relief, she should have her Father back and Permanent Injunctive Relief. Monetary Relief sought for her injuries to Life Liberty, and Property, should be no less than $10,000,000.

3. Kandie Carson. Daughter of Larry Ratton, is pregnant. The initial shock of the actions of the Defendants and subsequent continuing situation entitle her to immediate injunctive relief as the stress of her Father's unlawful incarceration is endangering her unborn child and permanent injunctive relief from the Defendants as she was unlawfully searches as well and she should not be harassed ever again. Monetary Relief for injuries to Life Liberty and Property, should be no-less than $10,0000,000.00

4. Jim Carson should be entitled to the same relief as Kandie Carson.

5. Charlotte Bogard, Helen Bogard, and Leah Bogard are entitled to permanent injunctive relief from the Defendants as they only had to be present to be injured. Monetary Relief for the wrongful endangerment of their person should be no-less than $100,000.00 each.

6. William R Bridwell and Jason R. French are entitled for monetary relief in real-damage for no-less than $850,000.00.

WHEREFORE, the Plaintiffs, respectfully pray this Court for any and all relief for which they are and may be entitled, and for all costs associated with this litigation, as a whole, all parties of the Plaintiff(s) do hereby pray that this Court support our Constitution and our Rights secured therein and destroy as a matter of Law all entities who seek its dissolution or to thwart any provision set therein.

Respectfully submitted, this the 11th day of May, 2001, Without Prejudice.

Vivian Ratton *Vivian Ratton*

Kasie Ratton *Kasie Ratton*

Jim Carson *Jim Carson*

Kandie Carson *Kandie Carson*

Charlotte Bogard [signature]

Helen Bogard [signature]

Leah Bogard [signature]

William R. Bridwell [signature]

Jason R. French [signature]

## Section 2,
## Petition for Writ of Habeas Corpus

Come now the Plaintiff(s), Larry Dean Ratton, Vivian Ratton, Pro Se, by and through the same, or by any other personally charged private representatives thereof, to Petition this Court for Ancient Right for Writ of Habeas Corpus, and for production thereof further states:

1. That Larry Dean Ratton, above titled Plaintiff(s), is being and has been unlawfully held since the evening of the 26th of April, 2001 in the CLEBURNE COUNTY JAIL under $200,000.00 Bond. No empowered Officer of the Judicial Branch set this Bond either, it is a mystery Bond.

2. That Vivian Ratton, above titled Plaintiff(s), was unlawfully held from the evening of the 26th until the 29th of April, 2001 in the CLEBURNE and VAN BUREN COUNTY JAIL however, has managed to post bond through a private bonding agent, Razorback Bail Bonds Inc., of William R Bridwell and Jason R. French's expense. This in turn damaged William R. Bridwell and Jason French in Property and interests therein.

3. The conditions surrounding both Plaintiff(s)'s incarceration are relative to immediate relief due to gross Civil Rights Violations, which include but not limited to;

a. Unlawful search and seizure. Warrant was issued after Property was searched and items seized. According to document entitled "SEARCH WARRANT" hereto attached as Exhibit A and hereafter "Exhibit A," officers were ordered to the Plaintiff(s)' home to search for "any or all" of several controlled and uncontrolled items. According to Exhibit A it was issued at 8:23 pm on the 26th day of April, 2001 by an Officer of the 16th Judicial District of Arkansas, Judge Kemp, who gave his hand for the execution

thereof (see Exhibit A). At 8:23 pm of the 26th day of April, 2001, Larry and Vivian Ratton had been taken from their home at gun-point, by the Defendant(s), their home pillaged, their family and friends terrorized at gun-point, and thrown into unlawfully into incarceration, for over three hours. According to document entitled "RETURN SEARCH WARRANT" attached hereto as Exhibit B and hereafter "Exhibit B," Exhibit A, the original search warrant, was allegedly serviced and executed at 6:12 am of the 27th day of April, 2001. Larry and Vivian Ratton had been in custody since approximately 4:00 pm of the 26th, Vivian Ratton's Jail booking card is Proof of this and is attached hereto as Exhibit C and hereafter "Exhibit C", so it was not serviced.

b. According to Exhibit B, Exhibit A was executed at 6:12 am on the 27th, "any or all" items found both controlled and uncontrolled which were included but not described in Exhibit A, were seized, inventoried, and described in both location and physical description, then Exhibit B issued, and then the items and Property seized. There are far too many accounts of "seized" in this situation. Truth is found in the long established propensity and so-far out of control occurrence of "Cops gone mad." The search warrants and the jail booking cards alone show absolute physical proof beyond a reasonable doubt that the Defendants exactly what they said they would "any damn thing we want," and attempted to Conspire against the Rights under the Color of Law 18 USCA Ch 13 §241 and filled out the papers later with the aid of Judge Kemp to cover up what they did. THESE ARE CRIMINAL ACTS.

c. There are no Records for Proof of Service of either Exhibit A or B. No Lawful Warrants were serviced upon either Plaintiff(s) which is corroborated by Exhibit C and the Statements attached hereto (see attached affidavits). Property was taken under the Color of Law in violation of 18 USCA 13 §242 as Arkansas' Code is not to be translated to be Supreme above the Plaintiff(s)' Right to Due Process, and cannot infringe the 4th 6th and 14th Amendment Rights of the Plaintiff(s). A band of co-conspirators, including the issuing Judicial Officer. Executing Officers, STATE OF ARKANSAS, COUNTY OF CLEBURNE, and CITY OF GREERS FERRY in violation of 18 USCA 13 §241.

d. Insufficient Probable Cause for issuance of Warrant. In order to "know or have reason to know," a Warrant must be specific as to the thing to be searched for and the place to be searched. The generalized Warrant, Exhibit A, makes no specific (per case) reference to any specific place or thing thereby replacing to "know or have reason to know" with to "Think or have Reason to Think."

Assumptions are not Probable Cause. Exhibit A as used in this matter negates the Plaintiff(s)' 4th Amendment Right to be secure from unreasonable Searches and Seizures as to "know or have reason to know" would require as a matter of Law a description of Place to be Searched and Item to be found just as it did appear in Exhibit B, after it was unlawfully seized under the insufficient grounds of Exhibit A. Exhibit B is evidence that "Probable Cause" for issuance of Exhibit A is insufficient as a matter of Law thereby rendering its own Probable Cause moot. The 4th Amendment renders the Plaintiff(s) Immune from Prosecution for evidence taken under the execution of an unlawful Search and Seizure. Exhibit A dictates, since if the Plaintiff(s) were suspicious, officers could enter, look for something without knowledge of "thing to be searched for and place to be searched," take Property in Exhibit B without Due Process, DAMAGE the Life (with fire-arms), Liberty (jurisdiction-less arrest), and Property (Property taken)of the Plaintiff(s) and any party (see attached Depositions) who gets in their way, and in the words of the executing officers, "do any damn thing we want (see attached Depositions)." Since an "Ink Signed (letter of Law)" Warrant is required to be serviced before Search conducted but was not serviced (again no Proof of Service) upon the Plaintiff(s), Vivian Ratton, after she had paid for her a bond to be released from jail two days later and then was only the illegible copy which is attached hereto as Exhibit A, renders it totally unreasonable and unlawful. Exhibit B was executed under unlawful pretenses and therefore is to be suppressed and ALL PROPERTY listed in it as "seized" be considered "Property taken without Due Process." As per Article 6 §2 of the Constitution for these united States of America and Bound to this Court by Article 6 §3, the Search Warrant hereto attached as Exhibit A and the document which is Exhibit B and any policies, statutes, practices, customs, or laws of the STATE OF ARKANSAS granting or condoning its use, is to be Declared "null and void as if it never were," as it is evident that they conflict with the 14th Amendment DIRECTLY.

e. 6th Amendment Right Violation, no Rights (Miranda) were cited or read or made to understand to either Plaintiff(s). No Warrants served.

f. Taking of Property without Due Process (18 USCA, Ch. 13, §241 & §242). THIS IS A CRIMINAL ACT.

g. Conspiracy against Rights, aggravated kidnap incl.(18 USCA, Ch. 13, §241). THIS IS A CRIMINAL ACT.

h. Deprivation of Rights under Color of Law, aggravated kidnap incl. (18 USCA, Ch. 13, §242). THIS IS A CRIMINAL ACT WITH STIPULATIONS FOR LIFE IMPRISONMENT UP TO AND INCLUDING THE DEATH PENALTY, LARRY RATTON WILL BE RETURNED HOME UNHARMED OR THIS IS THE PENALTY WE WILL SEEK, MANDATORY.

4. That for the duration of this proceeding, and at the time of the writing of this Petition, the Plaintiff(s), Larry Dean Ratton, has been held in excess of 72 hours, SINCE 4:00 PM OF THE 26TH, and has not been arraigned, has not had a bond hearing, has had an unreasonable bond set by some "unknown" entity (who set the Bond amount?), and has not been formally charged, and is still, for over two weeks, being unlawfully held against his will for unreasonable bond of $200,000.00 in violation of the Supreme Law of the Land, the Constitution. This equates to unlawful incarceration, and kidnap under the Letter of the Law, and for the IMMEDIATE RELIEF and subsequent abatement of Damages in Life, Liberty, and Property, therefore Executes his Ancient Right of Habeas Corpus for IMMEDIATE AUDIENCE.

WHEREFORE, the Plaintiff(s), Larry Dean Ratton, Vivian Ratton, and/or any personally charged private representative thereof, respectfully Petition this Court to issue Writ of Habeas Corpus and respectfully prays this Court for Order of the immediate production of the above titled Plaintiff(s) for first available audience as deprivation of Life, Liberty, or Property in the form of un-Constitutional jurisdiction-less arrest is to be construed as unreasonable, unlawful, and outrageous conditions warrant immediate Grant of Writ of Habeas Corpus, and for any and all other relief to which the Plaintiff(s) may be entitled.

Respectfully submitted, Without Prejudice 1-207,

(Print) Vivian Ratton (Sign) Vivian Ratton (Date) 5/ /01

# Section 3,
# Petition to Show Cause

Come now the Plaintiff(s), Larry Dean Ratton, Vivian Ratton, Kasie Ratton, Kandie Carson, Jim Carson, Charlotte Bogard, Helen Bogard, Leah Bogard, William R Bridwell, and Jason R. French, Pro Se, by and through the same or by any other personally charged private representatives thereof, to Petition this Court for the above titled Defendant(s) to Show Cause for the following:

1. Given the facts set forth in Section 1 of this Petition, Defendant(s) are to provide all evidence used for obtaining the document entitled "SEARCH WARRANT" (Exhibit A), in the form of Verified Affidavit establishing, exactly, from whom it was verified before, from whom it was issued, by whom it was executed, and to whom it was serviced, and proof of service thereof and "any and all" documentation from "birth to abortion" of this matter. If the Defendant(s) cannot provide irrefutable (verified and verifiable as they already have attempted to "back-date" their papers in this matter) proof that warrants were either justified or serviced.

2. Show Cause as to why the document hereto attached as Exhibit A, should not be ruled as un-Constitutional as it impairs the Constitutional Immunities secured under the 4th, 6th, and 14th Amendments thereof.

   a. Given as evidence against the Defendant(s), Exhibit A does not describe any specific thing to be searched for and no specific place to be searched. In order to "know or have reason to know," accurate descriptions of both "thing" to be seized and "place" to be searched, if it is not specifically described in the Warrant in location and physical description (i.e. .25 grams of methamphetamine contained in glass vile in the upper left drawer of the cabinet attached to the east wall of the bathroom of the suspect's home) , then there was insufficient Probable Cause to issue a Warrant as one cannot Swear upon Oath that he "knows or has reason to know" if he cannot describe it in this detail. This means that the term "any or all," as used repeatedly in Exhibit A, constitutes speculation, not Probable Cause.

   b. Exhibit A states that is was issued upon the Sworn Affidavit of Defendant, officer Scott Russell. The Plaintiff(s) have not seen or been serviced this Affidavit and there is growing evidence that it did not exist at the time the Judicial Officer of Exhibit A issued it although, it might have existed since the parties of Larry and Vivian Ratton had been in their custody for 4 hours and 23 minutes before Exhibit a was issued according to their jail booking card, Exhibit C. Defendant(s) are to produce this document and the signature/date/time of the Attesting Officer is to be authenticated further, the contents there are to mirror Exhibit B, otherwise, Defendant(s) are to Show Cause as to why they "know or have reason to know" based on pure speculation and should not be charged for Perjury or False Swearing.

3. Given the fact, that Exhibit A is unlawful (insufficient), show probable cause for Exhibit B. If Probable cause for Exhibit B was in fact Exhibit A, show cause as to why neither were issued or serviced to the Plaintiff(s) until after arrested, Property taken, and all relating Constitutional Rights and Immunities violated.

4. Show Cause as to why all evidence in this matter should not be suppressed as a matter of Law.

5. Show cause for continued incarceration of Plaintiff(s) when all "evidence" for which they are being held is suppressed for unlawful search and seizure.

6. The Plaintiff(s) have injured no other Citizen in Life, Liberty, or Property. A "Crime" as defined by Law (Common) which is the only Constitutional Jurisdiction for which "Criminal Acts" may be heard as per Article 3 of the Constitution for these united States of America, constitutes the production of a Corpus Delicti (body of the crime or victim) and "physical proof of injury to another Citizen in Life, Liberty, and/or Property." Under the premise of "The War on Drugs," our Judicial Officers have substituted POTENTIAL INJURY for INJURY, which is not reflected in the Letter of what is the Supreme Law, the Constitution. Potential Injury as a matter of fact and Law as it was written by the founding fathers and taken in the actual context thereof, does not constitute injury. In short, the accusations made by the Defendants are victimless, as are all "drug laws," therefore are not Constitutionally construed as "Crimes." Yes, they are unquestionably bad for you. But, the Inalienable Right to freely CHOOSE dictates that in order to have the freedom of choice, there HAS TO BE A CHOICE TO BE MADE. If you CHOOSE to buy drugs and use them then the one who sold them to you did NOT injure you in Life, Liberty, or Property (unless he told you they were good for you [misrepresentation]). The current "War" being waged is not on drugs, it is on our RIGHTS. This case is proof as the Plaintiff(s) were never associated with the manufacture of any "controlled" substances, but, had they been BY WHAT RIGHT, under the Constitution, do the Defendants have to dictate to us our choices, morals, and even our own property which we may or may not have. Moral decisions are to be made between one's own self and whatever entity they call God. The Roman Catholic Church used to dictate the morals to the people of Europe, King George the III told his people what they could and could not do, and from these injustices, these united States of America were born. We the People, left that tyranny over

200 years ago, hundreds of thousands of Americans have died in defense of these Rights, why should We the People allow the Defendants to take up where the Church and King George the III left off? We wont, and this action is the end of it as far as the Plaintiffs are concerned except that we are going to prosecute the Defendants' Criminal Acts to the fullest extent of the Law, as they did injure the Plaintiffs. Again, potential injury is not injury, no definable Crime under the Constitution was even alleged in this matter. This Court is hereby challenged under Article 6 §2, and §3, that the Plaintiff(s), have been injured in Life, Liberty, and Property by the Defendant(s) and are therefore, the only injured Citizens in a several State with a Corpus Delicti in this matter as Equal Protection under the Laws demands Prosecution of the Defendant(s) for violations of but not limited to 18 USCA 13 §241 & §242 with stipulations for kidnap and threat of death enacted.

7. Property taken in Exhibit B either real or fabricated by the Defendants, was done so unlawfully and without due process, as per the 4th and 14th Amendment, its existence and knowledge of its existence cannot be used against the Plaintiff(s) in this or any other action as knowledge of its existence is directly because of an unlawful search and seizure. Property cannot be taken without Due Process therefore, show cause why the Property should not be immediately returned or compensation made thereof.

WHEREFORE, the Plaintiff(s), Larry Dean Ratton, Vivian Ratton, Pro Se, by and through the same , and/or any personally charged private representative thereof, respectfully Petition this Court to Order the Defendant(s) to show viable cause Constitutionally justifying their unlawful actions against the Plaintiff(s) within a timely manner, or to release the Plaintiff(s), and any and all relief to which the Plaintiff(s) are entitled.

Respectfully submitted, Without Prejudice 1-207,

(Print) Vivian Ratton (Sign) Vivian Ratton (Date) 5/11/01

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

# *Exhibits Attached to Original Document in Court's Case File*